# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. MDL 875 |
| THIS DOCUMENT RELATES TO:<br>All actions filed by Cascino Vaughan Law Offices assigned to Hon. Judge Strawbridge for mediation | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEFENDANTS TO COMPEL AND/OR VERIFY COMPLIANCE WITH RULE 26 (a)(1)(A)(ii)

NOW COME plaintiffs, by their attorney, Michael P. Cascino of Cascino Vaughan Law Offices, and move to Compel and/or Verify Defendants' Compliance with Rule 26 (a)(1)(A)(ii).

**Background**

Pursuant to Rule 26(a)(1)(A)(ii), plaintiffs had requested that defendants turn over documents relating to Drs. Schonfeld, Anderson, and Sadek. As of this date, only Health Screen records have been made available. Defendants have not offered a good faith reason or explanation as to why additional documents are not being disclosed. Defense attorneys Mulholland and Setter do not explain why non Health screen documents are not being produced other than claiming that they are not "obligated" to produce them. See Exhibit "A".

**Argument**

The purpose of Rule 26 disclosures are "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." Amendments to the Federal Rules of Civil Procedure and Forms, 146 F.R.D. 401, 628 (advisory committee's notes). An

1

Eastern District of Pennsylvania court has stated that the goal of this disclosure rule may be viewed as intending "to force parties to exchange their basic, substantive evidence, without resort to the complications, inefficiency, and litigiousness of discovery practice". *McDaid v. Stanley Fastening Sys.*, LP, 2008 U.S. Dist. LEXIS 57844. The request that plaintiffs are making is one that seeks this type of basic and substantive information from the defendants, and should be disclosed under Rule 26.

The language of Rule 26 allow a party to withhold certain information if that information is to be used solely for impeachment purposes. This district has held that this is not an exception that allows withholding of any evidence that will bolster one party's case, but only evidence solely used to discredit a witness and that "[a]llowing a party to use the impeachment-evidence exception to sneak in undisclosed, substantive evidence would defeat the purpose of the rule by forcing parties who want the whole story to rely on the myriad discovery requests that prompted the rule change in the first place." *McDaid v. Stanley Fastening Sys.*, LP, 2008 U.S. Dist. LEXIS 57844. As of now, plaintiffs do not know whether defendants claim that any documents are being withheld solely for impeachment purposes. Defendants will not tell plaintiffs what grounds defendants are withholding evidence on other than the Health Screen records. While generally the party choosing to withhold the information is in the position to decide what is "solely for impeachment" the decision must be made in good faith. *Id.* Defendants claim that the evidence being withheld is limited to impeachment evidence but have offered no proof that they make this claim in good faith or that the evidence being withheld is not substantive in nature.

Once information is withheld in good faith by a party, and this withholding is challenged, it is up to the court to determine if the evidence is solely for impeachment purposes. *Id.* Courts

2

have held that Rule 26 information should not be withheld if the evidence may be both substantive evidence and impeachment evidence, because it is not solely offered for impeachment purposes. *Klonoski v. Mahlab*, 156 F.3d 255 (see also *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993) holding that a tape must be disclosed "[b]ecause the tape is, at the very least, in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value"). Defendants have been collecting data on the doctors as well as information on particular screenings that they will likely use for substantive purposes at trial.

Due to the nature of what the evidence being withheld likely covers, plaintiffs ask that defendants either turn this information over to them, and provide Rule 11 statement of completeness or provide the court a privilege log so the court can make a good faith determination as to whether the information should be disclosed.

WHEREFORE, Plaintiffs respectfully request the relief requested in Plaintiffs' Motion to Defendants to Compel and/or Verify Compliance with Rule 26(a)(1)(A)(ii) be granted.

Dated: October 25, 2011

_____
Michael P. Cascino

Michael P. Cascino
Attorney for the Plaintiff
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, IL 60607
(312) 944 - 0600